IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SREEDHAR REDDY VANGALA,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:20-CR-00372-JPB-LTW |

# FINAL REPORT AND RECOMMENDATION AND ORDER CERTIFYING THIS CASE READY FOR TRIAL

This matter is before the Court on a Motion to Dismiss the Indictment [Doc. 27]) filed by Defendant Sreedhar Reddy Vangala. On August 16, 2021, the undersigned held a pretrial conference in this case and set a briefing schedule. [Doc. 29]. After receiving an extension of time, the Government timely responded. [Docs. 31, 32]. Defendant did not meet the extended deadline for his reply, has not requested an extension of time, and to date has not filed a reply. See [Doc. 31]. The matter is ripe for review and, for the reasons detailed below, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss the Indictment ([Doc. 27]) be **GRANTED in part and DENIED in part**.

# BACKGROUND

Defendant is charged in an Indictment with eighteen counts: six counts of fraud and misuse of visas in violation of 18 U.S.C. § 1546; six counts of bringing in and harboring aliens in violation of 8 U.S.C. § 1324; and six counts of making a false statement under oath relating to naturalization or citizenship in violation of 18 U.S.C. § 1015.  [Doc. 1].  The first six counts charge that Defendant made false statements under oath on Citizenship and Immigration Services 1-129 forms and Department of Labor 9035 & 9035E forms, claiming that six aliens to the United States would be in various positions in Georgia when Defendant allegedly "then well knew, no such employment position existed."  [Id. at 1–6].  The next six counts charge that Defendant encouraged or induced the aliens "to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States was and would be in violation of law."  [Id. at 6–9].  And the final six counts charge that Defendant's allegedly false statements under oath on the aforementioned forms related "to naturalization, citizenship and registry of aliens."  [Id. at 9–14].  In connection with his Motion to Dismiss the Indictment, Defendant submits dozens of pages of additional documentation that he contends are "substantial evidence that [he] is innocent of these charges."  [Doc. 27-1]; see also [Doc. 27 at 12].

## LEGAL ANALYSIS

Defendant moves to dismiss this case "due to lack of jurisdiction, failure to state an offense, and abuse of prosecutorial discretion." [Doc. 27 at 1]. Defendant's arguments overlap substantially. His contention that the Court lacks jurisdiction is based on his assertion that the "facts alleged do not constitute a crime." [Id.]. In other words, Defendant's jurisdiction argument is just another species of his argument that the facts alleged do not state an offense. And Defendant's contention that the prosecution has abused its discretion is based on his assertion that prosecutors "ignor[ed] the facts that surround the circumstances of the alleged crimes." [Id.]. As will be discussed below, binding Eleventh Circuit precedent holds that the Court cannot dismiss the indictment based on "facts that surround the circumstances of the alleged crimes" where Defendant's alleged facts are found nowhere in the Indictment.

A defendant may file a motion alleging a defect in the indictment, including a "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v.

3

Schmitz, 634 F.3d 1247, 1259 (11th Cir. 2011) (quoting United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009)).

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." United States v. Garrett, 467 F. App'x 864, 867 (11th Cir. 2012) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)); see also United States v. Critzer, 951 F.2d 306, 307–08 (11th Cir. 1992) ("The indictment is sufficient if it charges in the language of the statute."). An indictment that tracks the language of the statute must be accompanied by "facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged." Russell v. United States, 369 U.S. 749, 765 (1962) (citations omitted). But an indictment does not have to "detail the factual proof that will be relied upon to support the charges." United States v. Sharpe, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) (quoting United States v Crippen, 579 F.2d 340, 342 (5th Cir. 1978)).

Here, the first twelve[1] counts in the Indictment easily meet this threshold. The first six counts allege violations of 18 U.S.C. § 1546(a). [Doc. 1 at 1–6]. Thus, the Government needs to allege that Defendant "knowingly ma[de] under oath" a "false statement with respect to a material fact in any application, affidavit, or other document required by the immigration law or regulations." 18 U.S.C. § 1546(a). The Government alleged precisely that, asserting that Defendant "did knowingly make under oath . . . a false statement with respect to a material fact in an application required by the immigration laws and regulations." [Doc. 1 at 1–6]. Not only do the counts track the language of the statute, but they also allege facts and circumstances sufficient to inform Defendant "of the specific offense, coming under the general description, with which he is charged." Russell, 369 U.S. at 765. The Indictment identifies the specific dates, specific forms, and specific statements that were allegedly false forming the basis of counts one through six. [Doc. 1 at 1–6]. Thus, counts one through six do not fail to state an offense. See Critzer, 951 F.2d at 307–08.

---

[1] The Government "does not oppose the dismissal of Counts Thirteen through Eighteen," and thus the undersigned does not discuss those counts and instead simply recommends that they be dismissed. [Doc. 32 at 2 n.1].

5

The next six counts allege violations of 8 U.S.C. § 1324. [Doc. 1 at 6–9]. Thus, the Government must allege Defendant encouraged or induced an alien to come to, enter, or reside in the United States; that the alien's coming to, entry, or residence in the United States is illegal; and that the defendant knew or recklessly disregarded that. 8 U.S.C. § 1324(a)(1)(A)(iv); see also United States v. Lopez, 590 F.3d 1238, 1250 (11th Cir. 2009). Counts seven through twelve allege that Defendant "did encourage and induce an alien . . . to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence in the United States was and would be in violation of law." [Doc. 1 at 6–9]. Again, the Indictment further identifies the specific aliens and the specific dates for each alleged violation. [Id.]. As such, counts seven through twelve do not fail to state an offense. See Critzer, 951 F.2d at 307–08.

Defendant's argument that these first twelve counts fail to state an offense hinges on facts not alleged anywhere in the Indictment. The first six counts allege Defendant made false statements about aliens working for his company because he "then well knew, no such employment position[s] existed." [Doc. 1 at 1–6]. Defendant's Motion to Dismiss asserts "these positions did exist," and he purports to provide proof of the same. [Doc. 27 at 7–8]. Eleventh Circuit law is clear. In deciding if an indictment

fails to state a claim, the Court is limited to "reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." Sharpe 438 F.3d at 1263 (quoting Critzer, 951 F.2d at 307) (emphasis in original).  The Court is not allowed to look "beyond the face of the indictment and rul[e] on the merits of the charges against" Defendant.  Critzer, 951 F.2d at 307.  Defendant fails to cite any binding authority supporting his effort to use evidence outside the indictment to show the Indictment fails to state a claim.  See [Doc. 27].[2]  Doing so would run afoul of Eleventh Circuit precedent holding that the Court must view the factual allegations in the Indictment "in the light most favorable to the government." United States v. DeVegter, 198 F.3d 1324, 1327 (11th Cir. 1999) (quoting United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)).

With respect to counts seven through twelve, Defendant argues he could not have "help[ed] an alien come to, enter, or reside in the country ***illegally***" because the I-129

---

[2] Defendant cites out of Circuit authority for the general propositions that (1) Courts can dismiss indictments for prosecutorial misconduct and (2) prosecutors have a duty to prevent the conviction of innocent persons. [Doc. 27 at 4–6]. In addition to being non-binding, none of this authority indicates the Court has authority to judge the sufficiency of the Government's evidence before trial. See [id.]. Binding Eleventh Circuit precedent holds the Court cannot. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) (holding that the Federal Rules of Criminal Procedure do not "provide for a pre-trial determination of [the] sufficiency of the evidence).

and 9035/9035E forms he filed were to secure "a ***lawful*** immigration status" for the aliens. [Doc. 27 at 9] (emphasis in original). But that is not what the Government alleges. The Government alleges the I-129 and 9035/9035E forms were ***fraudulent***, and thus Defendant's use of those forms was, allegedly, an attempt to allow the aliens to reside in the United States even though their "residence in the United States was and would be in violation of law." See [Doc. 1 at 1–9]; see also United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009) (holding that the Court must read the indictment "as a whole and give it a 'common sense construction'"). Defendant's argument that he "provided [genuine] employment opportunities to [the] aliens" is in direct contravention to the allegations in the Indictment and not sufficient to support his Motion to Dismiss. See [Doc. 27 at 10]. For the foregoing reasons, the undersigned **RECOMMENDS** that the Motion to Dismiss the Indictment ([Doc. 27]) be **DENIED** as to Counts One through Twelve.

## CONCLUSION

The undersigned **RECOMMENDS** that Defendant's Motion to Dismiss the Indictment ([Doc. 27]) be **GRANTED in part and DENIED in part**. As explained above, the undersigned **RECOMMENDS** that the Motion be **DENIED** as to Counts One through Twelve. Because the Government "does not oppose the dismissal of

8

Counts Thirteen through Eighteen," the undersigned **RECOMMENDS** that the Motion be **GRANTED** as to those counts. [Doc. 32 at 2 n.1]. There are no other pending matters before the Magistrate Judge,[3] and the undersigned is aware of no problems relating to the scheduling of this case. **IT IS FURTHER ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO ORDERED, REPORTED, AND RECOMMENDED**, this   10   day of November, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendant also filed a Motion for a Bench Trial ([Doc. 28]), which has been deferred to the District Judge for consideration. [Doc. 29].